

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-21-00209-CV
_____

**ALFREDO OROZCO, APPELLANT**

**V.**

**ASSURANT COMMERCIAL CAPITAL, LLC, A TEXAS CORPORATION,
AIM BANK, A TEXAS CORPORATION, BRANDON BENNETT, AN INDIVIDUAL,
AND JOHN DOE CORPORATION, APPELLEES**

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2018-531,973; Honorable J. Phillip Hays, Presiding

October 19, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Alfredo Orozco, proceeding pro se, appeals from the trial court's *Order Striking Alfredo Orozco's Petition in Intervention* and *Order Granting Motion to Abate or Dismiss and Entering Final Judgment.* We dismiss the untimely appeal for want of jurisdiction.

This appeal arises from a commercial suit brought by Alfredo's Trucking and Backhoe Service, Inc. against Appellees, Assurant Commercial Capital, LLC, Aim Bank, Brandon Bennett, and John Doe Corporation. Orozco filed a petition to intervene in the suit. On March 9, 2021, the trial court struck his petition in intervention. On April 5, 2021, the trial court signed a final judgment dismissing all claims of Alfredo's Trucking against Appellees. Following the dismissal, Orozco timely filed a motion for new trial. A notice of appeal was, therefore, due within ninety days after the order was signed, i.e., by July 5, 2021. *See* TEX. R. APP. P. 4.1(a), 26.1(a)(1). Orozco filed a notice of appeal on September 27, 2021.

By letter of September 28, 2021, we notified Orozco that his notice of appeal appeared untimely and directed him to show grounds for continuing the appeal. In response, Orozco filed a motion for an extension of time citing to various Supreme Court emergency orders concerning the COVID-19 state of disaster. The motion provided no explanation as to the relevance or applicability of these emergency orders.

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See Verburgt*, 959 S.W.2d at 616-17; TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

2

Orozco's motion for extension failed to demonstrate our jurisdiction over his late notice of appeal. To the extent the motion implies that the notice of appeal deadline should be enlarged based on the Supreme Court's COVID-19 emergency orders, these orders did not grant appellate courts the authority to do so.

The Supreme Court's first emergency order, issued on March 13, 2020, allowed Texas courts to suspend deadlines and procedures "to avoid risk to court staff, parties, attorneys, jurors, and the public" and to "take any other reasonable action to avoid exposing court proceedings and participants to the threat of COVID-19." *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 265, 265 (Tex. 2020*). See also Fortieth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 21-9079, 2021 Tex. LEXIS 934, at *1 (Tex. July 19, 2021) (extending this provision of the emergency orders to October 1, 2021).

The first emergency order also provided that "[a]ll courts in Texas may extend the statute of limitations in any civil case for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted." *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d at 265. The Supreme Court later amended its order clarifying that the tolling provision did "not include deadlines for perfecting appeal or for other appellate proceedings." *Eighth Emergency Order Regarding the COVID-19 State of Disaster*, 597 S.W.3d 844, 844 (Tex. 2020). The tolling provision expired on September 15, 2020. *Twenty-First Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. 2020).

We find nothing in the subsequent emergency orders superseding the Supreme Court's prior edict prohibiting appellate courts from suspending or enlarging the time for perfecting appeal. *See Cantu v. Trevino*, No. 13-20-00299-CV, 2020 Tex. App. LEXIS 7767, at *14 (Tex. App.—Corpus Christi Sept. 24, 2020, no pet.) (noting "the emergency orders do not allow us to 'alter the time for perfecting an appeal beyond the period' authorized by Rule 26.3").

Because this court has no discretion to permit an untimely filed notice of appeal to confer jurisdiction over an appeal, we deny Orozco's request for an extension of time and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).


Per Curiam

4